■ Curline Agarrat et al., Appellants, v Metro-North Commuter Railroad, Respondent. [704 NYS2d 585] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about May 13, 1999, denying plaintiffs' motion to vacate the prior order dismissing their action and to restore the action to the court calendar, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings.

Plaintiff alleges that she slipped and fell on ice at the White Plains station of the Metro-North line on the morning of January 14, 1993. She contends that she had been informed by defendant's claims manager that several similar accidents had occurred that same day; this latter claim was apparently supported by defendant's own accident report. The action was commenced in January 1994. Plaintiff substituted counsel in March 1996. On April 18, 1996, a preliminary conference order directed that defendant conduct an independent medical examination of plaintiff within 45 days, that discovery be completed by April 18, 1997 and that a note of issue also be filed by that date. Thereafter, on April 30, 1996, plaintiff provided defendant with authorizations to obtain her medical records from specified medical providers, and, on June 21, 1996, supplied defendant with further discovery, including a supplemental bill of particulars and medical and employment records. Plaintiff was deposed on April 29, 1997, and provided additional medi-

cal records on June 4, 1997. On June 28, 1997, defendant requested additional discovery, including additional authorizations relating to three doctors mentioned during plaintiff's deposition, and additional medical records. The requested authorizations were provided on July 14, 1997, although additional discovery might have remained outstanding. Apparently through inadvertence, the note of issue was misplaced in plaintiff's counsel's law office records and not filed. On October 28, 1997, neither party appeared at a calendar call, and by order entered October 31, 1997, the case was dismissed.

Plaintiff, explaining the default, contends that former counsel, advised of the court date, and still listed on court records as attorney of record, had never advised new counsel, who was not notified by the court, of the scheduled appearance. In any event, plaintiff moved in February 1999 to vacate the dismissal and restore the matter to the court's calendar, which motion was denied. Plaintiff's counsel contended that he had not known of the dismissal—of which he also was not informed by the court—until January 1999. This contention finds some support in documentation of a telephone call between plaintiff's and defendant's attorneys in March 1998 evincing plaintiff's readiness to file a note of issue. Plaintiff's counsel contended that during the interim, not otherwise hearing from opposing counsel, he had assumed that discovery was completed to defendant's satisfaction. The record evinces no intention on the part of plaintiff to abandon this action. Concur—Williams, J. P., Tom, Saxe and Friedman, JJ.